IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA LUNA,                         )
                                    )
            Plaintiff,              )
                                    )
    v.                              )     No. 10 C 3126
                                    )
HUMAN RESOURCES DEVELOPMENT         )
INSTITUTE, INC., et al.,            )
                                    )
            Defendants.             )

MEMORANDUM ORDER

Defense counsel has filed an Answer and Affirmative Defenses ("ADs") in this action by Laura Luna that advances claims under both the FMLA and Title VII. This memorandum order is issued sua sponte to address several problematic aspects of that responsive pleading.

To begin with, the assertions in Answer ¶¶1, 16-18 and 21 that "no response is required" because the corresponding allegations of the Complaint "contain[s] conclusions of law" is simply wrong--see Fed. R. Civ. P. ("Rule") 8(b)(1)(B) and App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Perhaps more to the point, such excessively cute practices add nothing constructive where, as here, counsel goes on to respond to Luna's allegations. This Court strikes all of those disclaimers.

Next, Answer ¶6 follows an appropriate Rule 8(b)(5) disclaimer by stating "and accordingly Defendants deny these allegations." That is of course oxymoronic--how can a party that

asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from that paragraph of the Answer.

Finally, several of the ADS fail to conform to that concept as marked out by Rule 8(c) and the caselaw applying it (and see also App'x ¶5 to <u>State Farm</u>). Here they are:

1. Defense counsel's repeated use of "to the extent" is a tipoff to the inappropriateness of a purported AD. Thus ADs 1 and 4 plainly assert matters that are not now known and may not exist at all. Both ADs are stricken, without prejudice to the advancement of more focused ADs if and when facts developed during the course of discovery may justify them.

2. ADs 5 and 6 also employ the "to the extent" locution, but in this instance their flaw is the failure to satisfy the notice purposes of federal pleading that are incumbent on defense counsel as well as plaintiffs' counsel. Those ADs are also stricken, but without prejudice to their prompt reassertion with sufficient particulars to enable Luna's counsel and this Court to evaluate the viability of defendant's contentions. Absent such a filing, the ADs will remain stricken.

To the extent (!) that defense counsel may file any further pleading in an effort to address or to correct any matters referred to here, no charge is to be made to the clients for the time and expense involved. Defense counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: August 31, 2010